UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND JEFFREYS,

                Petitioner,

    -against-

J. L. JAMISON,

                Respondent.

23-CV-3066 (PGG)

TRANSFER ORDER

PAUL G. GARDEPHE, United States District Judge:

    Petitioner, who is currently incarcerated at FCI Otisville, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] Petitioner challenges his conviction in the United States District Court for the District of Massachusetts.[2] See United States v. Norris (Jeffreys), No. 1:13-CR-10077-4 (DJC) (D. Mass. May 23, 2016), aff'd, Nos. 16-1741, 16-1916 (1st Cir. 2019). In the petition, he asserts that he was denied effective assistance of counsel, although he alleges no facts in support of his claim. For the following reasons, this action is transferred to the United States District Court for the District of Massachusetts.

    Petitioner brings this application under 28 U.S.C. § 2241. Because Petitioner is challenging the validity of his sentence rather than its execution, the proper vehicle for this petition may be 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). Because Petitioner was convicted and sentenced in the United States District

---

[1] Petitioner paid the $5.00 filing fee to bring this action.

[2] This court received the petition on April 10, 2023. Petitioner states that he placed this petition into the prison mailing system on March 24, 2016. (*See* ECF 1, at 8.) It is unclear why the petition bears this date, but it is certainly inaccurate as Petitioner's judgment of conviction was entered on May 23, 2016, and his conviction was affirmed on April 2, 2019.

2

Court for the District of Massachusetts, the Court transfers this case to the District of Massachusetts. See Solan v. Warden, MDC Brooklyn, 2019 WL 3035453, at *1 (E.D.N.Y. July 10, 2019) ("[H]ad petitioner originally brought this petition under § 2255, proper venue would lie in the Middle District of Florida, the district of the court that imposed petitioner's sentence.").

## CONCLUSION

In the interest of justice, the Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Massachusetts. See 28 U.S.C. § 1631.

This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         April 18, 2023

_____
PAUL G. GARDEPHE
United States District Judge